IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANICE SATTERFIELD,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>  Defendant. | Case No. 2:11-cv-112-SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER GRANTING EAJA MOTION FOR ATTORNEY FEES** |

On October 31, 2011, the court issued a memorandum decision and order ("Order") reversing the Commissioner's decision and remanding this case for further administrative proceedings. (Doc. 18.) On January 23, 2012, Plaintiff Janice Satterfield filed an application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 20), which the Commissioner opposes. That application is now before the court. Having carefully reviewed the parties' pleadings, the court grants Plaintiff's application as specified below.[1]

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party as follows:

---

[1] Pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> [T]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified. The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person. The [Commissioner's] position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted).

Plaintiff asserts that she is entitled to attorney fees because she is the prevailing party and the Commissioner's position in this case was not substantially justified. The Commissioner disputes that assertion. In considering the EAJA request, the court considers whether the Commissioner's position was substantially justified both in the agency and in the district court. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(D). "'EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'" *Johns v. Astrue*, No. 11-4099, slip op., 2011 WL 6826124, at *2 (10th Cir. Dec. 29, 2011) (quoting *Hackett*, 475 F.3d at 1174).

Having carefully considered the parties' arguments, the court concludes that the Commissioner's position in this case was not substantially justified and that Plaintiff's application for EAJA attorney fees should be granted. As explained in the Order, the ALJ's pain analysis contained significant errors. For example, even the Commissioner conceded that the ALJ's

2

reliance on the "'numerous references in the medical evidence . . . indicative of [Plaintiff's] non-compliance with the medical regimen specified by her physicians' was erroneous, as no such 'numerous references' of non-compliance existed." (Doc. 18, Order, at 8 (citations omitted).) Further, the ALJ mischaracterized the record, thereby ignoring Dr. Turek's two GAF scores below 50, and the DDS physician's findings of a number of moderate mental impairments.  Also, and very significantly, the ALJ's step four conclusion was in direct conflict with the ALJ's own RFC findings that a cashier job would be "too complex for [Plaintiff's] current condition" and that she be able to sit during the workday. (*Id.* at 10-11 (citations omitted).)  As the Order set forth, the ALJ's own findings would have precluded Plaintiff from performing her past work both as she performed it and as described by the DOT. (*Id.*)  Further, as the Order explained, the ALJ not only did not make any "informed comparison" between her RFC assessment and the demands of a fast food worker job, but the ALJ offered no discussion or supportive explanation for her finding that Plaintiff can return to her work as a fast food worker. (*Id.* at 12.)  As a result, the court concludes that the Commissioner's position in this case was not reasonable in law and fact, and thus was not substantially justified.  Consequently, Plaintiff's motion for EAJA fees should be granted.

      Plaintiff initially requested $5,514.40, based on an hourly rate of $175.06. (Doc. 20-3.) The Commissioner has not argued that the requested amount is unreasonable, and the Court grants that amount.  Further, the court also awards Plaintiff the requested additional amount of $630.22 for time expended defending this fee request (Doc. 24, at 7).  Therefore, the total fee awarded to Plaintiff is $6,144.62.

## **ORDER**

Based on the above analysis, Plaintiff's application for attorney fees under the EAJA (Docs. 20, 24) is **GRANTED**.  Thus, **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, the Commissioner shall pay an EAJA attorney fee award of $6,144.62, made payable to Plaintiff, and mailed to Plaintiff's attorney, Natalie Bolli-Jones, at the Law Office of Jay Barnes, 1079 E. Riverside Dr., Ste. 203, St. George, UT 84790.

DATED this 14th day of March, 2012.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge